## ST. PETERSBURG ADVERTISING CO. et al. v. AMERICAN MOTORSIGN CO.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1928.

No. 5043.

1. **Courts** ⬄262(3)—**Federal court has jurisdiction in equity of suit to recover trust fund.**

In suit in which plaintiff seeks to recover trust fund, federal District Court has jurisdiction in equity.

2. **Courts** ⬄406(1¼)—**District Court's decision on conflicting evidence that defendant breached contract sued on held conclusive on Circuit Court of Appeals.**

In suit for breach of contract to buy advertising device manufactured by plaintiff, Circuit Court of Appeals must accept decision of District Court, based on conflicting evidence, that contract was breached by defendant.

3. **Damages** ⬄78(6)—**Buyer's deposit of $3,500 to be paid seller on buyer's breach of contract to buy five advertising devices per month for ten months at $235 each held liquidated damages, and not penalty.**

Where defendant, in connection with contract to buy five advertising devices per month for 10 months at price of $235 each, deposited in bank under another contract $3,500 out of which bank was to remit payment on purchase of such devices, and which should be paid to plaintiff on defendant's breach of contract, such deposit *held* to be in nature of liquidated damages, and not penalty.

4. **Banks and banking** ⬄153—**Bank holding fund to be paid seller on buyer's breach of contract and seller's notice of ability to perform has no obligation to pay until evidence of seller's ability to perform is presented.**

Where buyer made deposit with bank which was to be paid to seller on buyer's breach and seller giving notice of being ready, able, and willing to comply with contract, bank had no obligation to pay until evidence was actually presented that seller was ready, able, and willing to perform, and was not liable for interest prior to such time.

5. **Judgment** ⬄314—**Federal court's decree will not be amended to add interest on judgment which may be collected on execution (28 USCA § 811).**

In action for breach of sale contract brought in federal District Court in Florida, plaintiff, having recovered judgment, is entitled to interest thereon at same rate that would apply to judgment in state courts under 28 USCA § 811 (Comp. St. § 1605), but decree will not be amended to allow such interest, since it may be collected on execution.

Appeals from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit by the American Motorsign Company against the St. Petersburg Advertising Company and another. Judgment for plaintiff, and defendants appeal, and plaintiff cross-appeals. Affirmed.

Charles J. Van Fleet, of St. Petersburg, Fla. (Van Fleet, Collins & Miller, of St. Petersburg, Fla., on the brief), for appellants and cross-appellees.

T. M. Shackleford, Jr., of Tampa, Fla., Whitley P. McCoy, of University, Ala., for appellee and cross-appellant.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the bill, briefly stated, together with the exhibits annexed, shows the following: The American Motorsign Company, an Ohio corporation, is successor to a partnership of the same name. In November, 1924, the partnership entered into a contract with the St. Petersburg Advertising Company whereby that company was given the exclusive rights, for the state of Florida, to sell an advertising device manufactured by the partnership, known as a motorsign. The St. Petersburg Company agreed to purchase at least five motorsigns per month, for 10 months, at the price of $235 each. At the same time another contract was executed whereby the St. Petersburg Company agreed to deposit $3,500 in trust with the American Bank & Trust Company, out of which the bank was to remit to the Motorsign Company a minimum of $700 every 60 days to apply on the purchase of ten motorsigns. In the event of a breach of the contract by the St. Petersburg Company by failure to purchase the required number of motorsigns or to pay for same, the balance of the fund on hand was to be considered

liquidated damages and to be remitted to the Motorsign Company, on its giving notice to the bank of being ready, able, and willing to comply with the contract. The bank accepted the trust, and the deposit was made. The St. Petersburg Company ordered and received five motorsigns, but did not pay anything on account, and the bank did not remit anything to the Motorsign Company as provided in the trust agreement. Motions to dismiss the bill for want of equity were overruled. The St. Petersburg Company defended on the ground that the motorsigns were not effective, and were unsalable. The bank defended on the ground that the Motorsign Company did not furnish it with sufficient evidence that they were ready, willing, and able to carry out their part of the contract to warrant any remittance. The bank also set up that it had no pecuniary interest in the suit, and submitted itself to the judgment of the court.

Except for a brief statement that the testimony on behalf of plaintiff was to the effect that the machine was efficient in its operation, that plaintiff had made no effort to employ another agent in Florida, that no part of the amount claimed had been paid, and that the testimony on behalf of defendant was to the effect that the machine could not be sold and was unsuitable for advertising purposes, and that no evidence that the plaintiff was ready, willing, and able to perform its part of the contract had been furnished to the bank, and the bank was never satisfied of those facts, there is nothing in the record to show on what evidence the case was submitted to the District Court.

There was judgment in favor of plaintiff in the sum of $3,500, but the judgment is silent as to interest. From this judgment the St. Petersburg Company and the bank appealed, and the Motorsign Company has prosecuted a cross-appeal.

[1-3] As the plaintiff was seeking to recover a trust fund, there is no doubt that the court had jurisdiction in equity. Clews v. Jamieson, 182 U. S. 461, 21 S. Ct. 845, 45 L. Ed. 1183. It is contended that the deposit of $3,500 was a penalty, and not liquidated damages. We must accept the decision of the District Court based on conflicting evidence that the contract was breached by the St. Petersburg Company, and we agree with the conclusion that the deposit with the bank was in the nature of liquidated damages, and not a penalty.

[4, 5] The Motorsign Company contends that the decree should have awarded interest from February 13, 1925, when the breach of contract is alleged to have occurred, or, in the alternative, from the date of filing the bill of complaint, November 10, 1925, at the legal rate of 8 per cent. per annum. Conceding that a trustee who wrongfully withholds a trust fund is liable for interest, we must accept the evident conclusion of the District Court that the contract was not complied with by the Motorsign Company in furnishing evidence to the bank that it was ready, able, and willing to perform its part. The bill does not allege compliance in this respect, and the memorandum as to the evidence does not show it. There would be no obligation on the bank to pay until the evidence was actually presented. So far as the record shows, this was not done until the case was tried. Of course, plaintiff is entitled to interest on the judgment at the same rate that would apply to judgments in the state courts of Florida, title 28, § 811, U. S. C. (28 USCA § 811; Comp. St. § 1605), but, as that may be collected on execution, under the law, there is no occasion to amend the decree. The costs of appeal will be divided between appellant and cross-appellant, each side to pay one-half.

Affirmed.